**NOT FOR PUBLICATION**                                   [Dkt. Ent. 21]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| JENNIFER PORTEN, | : | |
| | : | |
| Plaintiff, | : | Civil No. 10-2629 (RMB/JS) |
| | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| AUTO ZONE, JOHN DOES 1-10, and ABC COMPANIES 1-10, | : | |
| | : | |
| Defendants | : | |

THIS MATTER comes before the Court upon an unopposed motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) by defendant Auto Zone (the "Defendant").[1]  [Dkt. Ent. 21.]  For the following reasons, the Court grants this motion.

## BACKGROUND

Plaintiff initiated the instant action with the filing of a complaint in New Jersey state court on April 9, 2010, that alleged sexual harassment and retaliation.  Defendant subsequently removed the action to this Court, alleging diversity

---

[1] The Court notes that the pleadings reflect inconsistent spellings of the defendant's name.  The Court adopts the spelling in the docket caption: "Auto Zone".

1

jurisdiction.  On July 9, 2010, Defendant sent discovery requests to Plaintiff.  (Def.'s Br. 1, Dkt. Ent. 21.)  Plaintiff has never responded to those requests or served any discovery requests of her own.  (Id.)  Additionally, Plaintiff never complied with a scheduling order requiring her to inform the Court as to whether the parties had agreed on certain discovery matters.  [Dkt. Ent. 9, July 29, 2010.]

   On December 7, 2010, Plaintiff's attorney filed a motion to withdraw as counsel, which Judge Williams granted after Plaintiff failed to respond or object. [Dkt. Ents. 17, 19.]  On February 28, 2011, Judge Williams ordered Plaintiff to either retain counsel or enter her appearance pro se within thirty days and to appear at an in-person status conference on March 30, 2011.  [Dkt. Ent. 19.]  This Order put Plaintiff on notice that her failure to comply "may result in the imposition of sanctions, up to and including dismissal of this case."  [Id.]  Plaintiff did not retain counsel or enter her appearance pro se within the designated 30-day period or any time thereafter.  She also failed to appear at the status conference on March 30th.  [Dkt. Ent. 20.]  On April 14, 2011, Defendant filed the instant motion to

2

dismiss for failure to prosecute.  Plaintiff never filed an opposition, and the motion is now ripe for adjudication.

## LEGAL STANDARD

A defendant may move for dismissal pursuant to Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).  In the Third Circuit, a court's discretion to dismiss a case for failure to prosecute is generally guided by the factors outlined in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984).  However, where a plaintiff has indicated a desire to abandon her case or has "willfully refused to prosecute," the district court need not engage in a detailed examination of the Poulis factors. Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir. 1994); see Sebrell ex rel. Sebrell v. Philadelphia Police Dep't, 159 Fed. Appx. 371, 373-74 (3d Cir. 2005) ("[W]hen a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary.") (citing Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990)); Divito v. C.M.S. Dep't, Civil Action No. 05-0438, 2006 WL 756014, *3 (D.N.J. Mar. 17, 2006) ("[W]here a plaintiff shows no indication that she does not desire to abandon her case, or

3

willfully refuses to prosecute, a district court may dismiss without a detailed evaluation of the Poulis factors.") (internal citations and quotations omitted).

## DISCUSSION

Plaintiff never responded to Defendant's discovery requests. After her attorney's withdrawal, she took no action to pursue her case or advance her claims in any way. She did not retain new counsel or enter her appearance pro se in violation of Judge Williams' February 28th Order. She also failed to appear at the in-person status conference scheduled for March 30, 2011. In fact, she failed to respond to the February 28th Order in any way, although it expressly required her compliance under pain of sanction, including dismissal. Finally, Plaintiff did not oppose Defendant's motion to dismiss for failure to prosecute. Plaintiff's actions - or inaction, rather - send a clear message to this Court that she has refused to prosecute and desires to abandon this case. Accordingly, the Court need not engage in a Poulis analysis in this instance. However, even applying the Poulis factors, dismissal should be granted.

Under Poulis, the Court must consider the following factors: (1) the extent of the party's personal responsibility; (2)

4

prejudice to the adversary; (3) a history of dilatoriness; (4) whether the attorney's conduct was willful or in bad faith; (5) the lack of effective sanctions other than dismissal; and (6) the meritoriousness of the claim.  747 F.2d at 868.

It is unclear to what extent Plaintiff is responsible for her counsel's failure to participate in discovery.  However, she bears sole responsibility for her failure to prosecute this case after her counsel's withdrawal. See, e.g., Clarke v. Nicholson, 153 Fed. Appx. 69, 73 (3d Cir. 2005), cert. den'd, 548 U.S. 907 (2006) ("[U]nlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was pro se and directly responsible for her actions and inaction in the litigation.").  Accordingly, the first Poulis factor weighs in favor of dismissal.

The second factor also supports dismissal.  Defendant has been prejudiced by the expense and inconvenience of Plaintiff's continued inaction, including her failure to appear at scheduled court hearings and respond to discovery.  See Clarke, 153 Fed. Appx. at 73 (citing Ware v. Rodale Press, Inc., 322 F.3d 218, 222-24 (3d Cir. 2003) (finding prejudice to defendant in plaintiff's delay and failure to comply with requests for

5

discovery)). Defendant cannot adequately prepare its defense if Plaintiff refuses to participate in the litigation of her claims.

Considering the third and fourth prongs, Plaintiff's history of dilatoriness and bad faith are reflected in the fact that she has wilfully failed to answer any discovery, oppose Defendant's motion to dismiss, or comply with Court Orders clearly warning her of the risk of dismissal. Poulis, 747 F.2d at 868 (third factor weighed in favor of dismissal where counsel had history of ignoring time limits); Sebrell, 159 Fed. Appx. at 374 (finding Plaintiff's conduct "willful" in her refusal to comply with court orders requiring her to complete certain forms or risk dismissal); DeVito, 2006 WL 756014, *3 ("[B]latant disregard of clear court orders constitutes bad faith for the purposes of the Poulis factors."). It is clear to this Court that Plaintiff has failed to participate in the litigation of this case and has purposefully chosen not to pursue her claims.

The fifth factor also favors dismissal. Plaintiff has indicated a desire to abandon her case by choosing not to participate in discovery, oppose Defendant's motion to dismiss, or comply with Court Orders. Thus, the Court finds alternative sanctions inappropriate. Furthermore, the Court is skeptical,

6

given Plaintiff's disregard of prior Court Orders, that she would comply with such alternative sanctions or that such sanctions would motivate her to finally prosecute her case.

Finally, Plaintiff's failure to engage in discovery or respond to Defendant's motion to dismiss hampers the Court's ability to assess the merit of her claims.  See, e.g., Devito, 2006 WL 756014, *3 ("Plaintiff's disregard of Defendants' interrogatories and motions to dismiss renders this Court unable to ascertain the meritoriousness of his claim.").  Thus, the Court is unable to analyze this last prong.

On balance, all of the relevant Poulis factors weigh in favor of dismissal.  Accordingly, Plaintiff's failure to prosecute her case warrants the sanction of dismissal.

## ORDER

IT IS, therefore, on this **24th** day of **May 2011**,

**ORDERED** that Defendant's motion to dismiss for failure to prosecute pursuant to Rule 41(b) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall close the Court's file in this matter.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge
